MARY ELLA CARROLL v. ALBERT C. BAXTER ET AL.

Argued June 12, 1900—Decided November 12, 1900.

The removal into the Supreme Court of an order made by an Orphans' Court for the sale of lands of a decedent, in pursuance of section 19 of the act passed February 18th, 1799 (*Elm. Dig.* 489), and of a decree made by that court to confirm such sale, under section 3 of the supplement to said act passed November 14th, 1837 (*Elm. Dig.* 494), is expressly forbidden by the constitution of the state (article VI., section 4, paragraph 3), the subject-matter of such order and decree being placed by said statutes within the jurisdiction of the Orphans' Court.

On *certiorari.*

Before Justices DIXON and COLLINS.

For the prosecutor, *John J. Crandall.*

For the defendants, *Howard Carrow.*

The opinion of the court was delivered by

DIXON, J.  On May 18th, 1896, the administrator of John H. White, deceased, late of Camden county, presented to the Orphans' Court of that county a petition setting forth that the administrator believed the personal estate of the decedent to be insufficient to pay his debts, that the administrator had made and exhibited under oath a just and true account of the said personal estate and debts so far as the administrator could discover the same, and that the said White had died seized of certain real estate in Camden county, which was particularly described in the petition, and thereupon praying the aid of the court in the premises.  Accompanying the petition was an account showing personal estate of the decedent to the amount of $27.90 and claims presented to the administrator amounting to $210.31, which account was duly verified as just and true.

On this petition proceedings were taken in the Orphans' Court, which resulted in an order of the court for the sale of the real estate, the sale thereof by the administrator to one of the present defendants, a report of the sale to the court, and a decree of the court on November 6th, 1896, confirming the sale.

The object of the suit now prosecuted is to have these proceedings set aside.

The constitution of New Jersey, adopted August 13th, 1844, prescribes (article VI., section 4, paragraph 3) that "all persons aggrieved by any order, sentence or decree of the Orphans' Court, may appeal from the same, or any part thereof, to the Prerogative Court; but such order, sentence or decree shall not be removed into the Supreme Court or Circuit Court, if the subject-matter thereof be within the jurisdiction of the Orphans' Court."

When this constitution was adopted, the statutes of this state conferred jurisdiction on the Orphans' Court to order sale of the lands of deceased persons on such proceedings as were shown by the petition of the administrator now before us, and to confirm the sale when made. *Elm. Dig.* 489, 494.

It seems manifest, therefore, that the subject-matter of the order and decree now assailed was within the jurisdiction of the Orphans' Court, and consequently that the removal of such order and decree into this court for the purpose of review was contrary to the express mandate of the constitution.

The writ of *certiorari* is dismissed, and the record brought up is remitted to the Orphans' Court. The defendants are entitled to costs.